IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ARVEL JERMAINE WESLEY**                                            **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO. 3:14CV416 HTW-LRA**

**M. MARTIN,**
**COMPLEX WARDEN**                                                  **RESPONDENT**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Arvel Wesley filed the instant petition for writ of habeas corpus pursuant to Title 28 U.S.C. § 2241 on May 22, 2014. At the time, Wesley was incarcerated at the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi. Wesley claims that he is entitled to habeas relief because a disciplinary proceeding violated his constitutional rights resulting in the loss of good-conduct credit. Respondent asserts that the Petitioner's claims should be dismissed due to his failure to exhaust administrative remedies that were available to him through the Bureau of Prison's mandatory four-step process set forth in 28 C.F.R. § § 542.10-542.19. Wesley acknowledges that he failed to exhaust administrative remedies, but argues exhaustion was futile because he was "procedural[ly] block[ed] from doing so." Having considered the submissions of the parties and the applicable law, the undersigned is of the opinion that the Petition should be dismissed for failure to exhaust administrative remedies.[1]

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this

---
[1] ECF No. 12, p. 1.

title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Inmates seeking to file a petition pursuant to § 2241 exhaust their administrative remedies by complying with the Bureau of Prisons' Administrative Remedy Program ("BOP"). Inmates who begin the administrative grievance process but voluntarily halt the process prematurely have not properly exhausted their administrative remedies, and substantial compliance with administrative procedures does not suffice to exhaust administrative remedies.  *Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001).  However, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," petitioners need not exhaust administrative remedies.  *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994)).  Exceptions to the exhaustion requirement "apply only in 'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review."  *Fuller*, 11 F.3d at 62*.* (citations omitted).  If an inmate demonstrates an applicable exception to the exhaustion requirement, the inmate may obtain a ruling on the merits despite a lack of exhaustion.  *See id.*

     28 C.F.R. §§ 542.10   542.19 establish a four-step BOP administrative remedies process for inmates seeking formal review of issues relating to their confinement.  An inmate must first file a BP-8 form requesting informal resolution.  If this is unsuccessful, the inmate must submit a formal written Administrative Remedy Request directly to the Warden through a BP-9 form within 20 days after the basis for the grievance occurred.

Within 20 calendar days of the Warden's response, the inmate may appeal to the Regional Director by filing a BP-10 form. If not satisfied with the Regional Director's response, the inmate may appeal by submitting a BP-11 form to the Bureau's Central Office within 30 days of the Regional Director's response. Upon completing this multiple-tiered review process, federal inmates have exhausted the administrative remedies required for filing a § 2241 petition.

In this case, the issue of exhaustion depends on whether Wesley submitted a proper administrative remedy BP-10 form to the Regional Director. Appeals to the Regional Director are limited to the one BP-10 form and one continuation page per submission. BOP policy § 542.15 governing appeals provides in relevant part as follows: "An inmate shall complete the appropriate form with all requested identifying information and shall state the reasons for the Appeal in the space provided on the form. If more space is needed, the inmate may use up to one letter-size (8 1/2" x 11") continuation page."[2]

BOP records indicate that Wesley received four rejection notices advising that his submissions exceeded this limit. Wesley acknowledges, in fact, that he initially filed nine BP-10 forms simultaneously because there was "no way [he] could have fit all nine issues on one BP-10 form . . . and a one sided continuation page . . . ." He points out, however, that following the rejections of his initial appeals, he submitted a single BP-10 form in compliance with regulations on two occasions, but still received a rejection notice because he attached exhibits in excess of the continuation-page limit. In a rejection

---

[2] ECF No. 19-2, p. 8.

notice from BOP's Central Office, Wesley was informed to "FOLLOW DIRECTIONS PROVIDED BY THE REGION.  YOUR ATTACHED AFFIDAVITS AND EXHIBITS ARE A CONTINUATION OF YOUR APPEAL AND MUST BE CONDENSED TO ONE PAGE."  Wesley maintains that the exhibits were permissible under BOP policy and his appeals were improperly rejected.  But the Court notes that each exhibit is an affidavit executed by Wesley himself, and that he acknowledged in his administrative filings that he used the affidavits to expound upon the issues presented.  In doing so, Wesley attempted to circumvent the limitation to one letter-size continuation page.  Wesley's assertion that he was procedurally blocked from exhausting his administrative remedies is therefore without merit.  An inmate must utilize all four levels in the manner prescribed before exhaustion of remedies is completed.[3]

In sum, Petitioner has not carried his burden to show that administrative remedies were rendered unavailable due to any action by Respondent.  He has shown no extraordinary circumstances warranting an exception to the exhaustion requirement.  Accordingly, his petition must be dismissed for failure to exhaust administrative remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and

---

[3] ECF No. 12, p. 4; 12-8.  *See Washington v. Hodges,* No. 12–CV–854–NJR–DGW, 2014 WL 5396188, at *3 (S.D. Ill. Oct. 22, 2014) (concluding BOP inmate failed to properly exhaust administrative remedies because, *inter alia,* his appeal to the Central Office contained too many continuation pages and failed to contain the requisite the number of copies).

Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED on April 7, 2017.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
